**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-40108
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRISTOBAL BENAVIDEZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(M-94-CR-153-1)

February 9, 1996

Before POLITZ, Chief Judge, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

Convicted by a jury of possession of firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), Cristobal Benavidez appeals, contending that: (1) the trial court erred in refusing to suppress firearms seized from his residence pursuant to a claimed illegal search and seizure; (2) the evidence was insufficient to support his conviction; and (3) the court committed plain error by failing to articulate its reasons for

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

imposing a particular sentence in light of a guideline sentencing range exceeding 24 months.[1]

Our review of the record persuades that the affidavit upon which the search warrant was issued was not a "bare bones" affidavit but, rather, contained sufficient detail and data to constitute the requisite probable cause,[2] thus triggering the good-faith exception to the exclusionary rule.[3] Our review further persuades that the evidence abundantly supports the jury's verdict. We note only that when the search was conducted of Benavidez's mother's home, the residence address he gave his parole officer, the subject pistol was found between the mattress and box springs, immediately accessible to Benavidez, who was in the bed with a companion in a locked bedroom, and that the shotgun was readily visible in an open closet in that same bedroom.

Finally, Benavidez's complaint that insufficient reasons were assigned by the trial court for the particular sentence imposed is not supported by the record. The trial court adopted the reasons contained in the PSR. We do not view that acceptance as constituting the level of plain error[4] required for a reversal herein.

The judgment appealed is AFFIRMED.

---

[1] 18 U.S.C. § 3553(c)(1).

[2] **United States v. Satterwhite**, 980 F.2d 317 (5th Cir. 1992).

[3] **United States v. Leon**, 468 U.S. 897 (1984).

[4] **United States v. Olano**, 507 U.S. 725 (1993); **United States v. Calverley**, 37 F.3d 160 (5th Cir. 1994) (*en banc*), cert. denied, 115 S.Ct. 1266 (1995).